No. 598

KELSEY v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8262.      Decided July 5, 1927.

(Farr and Pollock, JJ., of the Seventh District, sitting by designation with Vickery, J., of the Eighth District.

**454.  EMBEZZLEMENT**—Evidence to show that money belonging to principal, was turned over to agent and retained by him, sufficient to support conviction of embezzlement.

**54.  AGENCY**—Express contract of appointment not necessary. Agency may be established by implication.

Conviction in Common Pleas. Error. Affirmed.

**First Publication of this Opinion**

POLLOCK, J.

George J. Mackay and Floyd Kelsey were charged with having embezzled, as agents and trustees of Minnie Campion, the sum of $605.00. The Common Pleas found both parties guilty as charged. Kelsey prosecuted error. The evidence showed that Minnie Campion, desiring to borrow some money, noticed an advertisement that L—, an attorney could make immediate loans on mortgages and other security. She applied to this attorney for a loan, and a few days afterwards, he and Mackay appeared at her home and had a talk with her.

Some days afterwards Kelsey appeared at the home of Mrs. Campion, saying that he was sent there by Mackay to get her signature to these papers. He also said: "If you will lay these papers on the table where we can sign them, we will be thru, and we will mail you a check in a few days." The papers consisted of a promissory note calling for the amount of loan that Mrs. Campion wished and payable to Floyd Kelsey, also a mortgage securing this note, the grantee in the mortgage being Kelsey. Afterwards Kelsey transferred the note and mortgage and received a check for $605.

It further appears from the State's testimony that Kelsey received the amount called for by this check.

Neither of the defendants produced any evidence in the trial of this case, and these facts went to the jury without contradiction or explanation; Kelsey knew that Mrs. Campion was not receiving any money for the note and mortgage which she executed payable to him and delivered to him, but that she was expecting that he would dispose of the note and mortgage and return to her the amount received therefor, less, of course, whatever commission might be charged, and that the papers were given to him for that purpose.

The money is traced into his hands and he makes no effort to show that he did not have it. This was suficient to authorize the jury to find him guilty of embezzlement.

It is urged that there is no evidence that the accused was the agent of Mrs. Campion, but that he went there as the representative of L—. Even if he did state that he was a representative of L— and appeared there for him, he knew that he was the payee of this note and the grantee in the mortgage securing the same, and that he was the party who was to dispose of the note and mortgage in order to raise the money that Mrs. Campion was expecting to receive. This made him the agent of this lady.

In order to constitute one person the agent of another, it is not necessary that there shall be an express contract of appointment, but the agency may be established by implication from the transaction, and that was done in this case.

Judgment affirmed.

(Farr and Vickery, JJ., concur.)

Attorneys—Hart, Curry, Sklenicka & Murray for Kelsey; E. C. Stanton, Pros. Atty., J. C. Connell for State; all of Cleveland.